## No. 506

### HERBIG v. ST. BERNARD (City)

### No. 16898. In Ohio Supreme Court

Pending on motion to require Hamilton Appeals to certify record. Docketed July 11, 1924. 2 Abs. 452.

801. MUNICIPAL LAW—Is the negligent erection of a fire plug by a city, in its sidewalk, a governmental function?

The city of St. Bernard erected a fire hydrant about three feet high and one foot in diameter in the cemented traveled area at the junction of a street corner, in its city, and directly in the path of pedestrians leaving a street car at that corner and walking on to. the sidewalk on a dark and rainy night. Herbig alighted from a street car and hastened to the sidewalk. There was no street light on this corner, and not seeing the hydrant, he fell over it, and was injured severely.

The case was submitte dto a jury, and he received a verdict for $700, upon which judgment was rendered. The city took the case to the Court of Appeals, and it reversed the Common Pleas, on the ground that tne erection of the fire plug was a governmental function, and the city was not liable for negligence in its exercise.

Attorneys—Edward Ballard, Cincinnati, for Herbig; Loraine Caine, St. Bernard, for city.

## No. 507

### CHAS. STEMEN v. VAN WERT NAT. BANK

### No. 18726. In Ohio Supreme Court

Pending on motion to order Van Wert Appeals to certify record. Docketed July 24, 1924. 2 Abs. 303.

891. PARTNERSHIP—Did the proof establsh the existence of one?

The Bank filed its petition in Common Pleas against Charles Stemen and his brother, John, as partners conducting a live stock and farming business under the firm name of "J. C. Stemen."

John was dismissed as defendant, as he had filed an individual petition in bankruptcy.

The case against Charles was submitted to a jury, and judgment obtained against him as a dormant or secret partner. Both parties denied the existence of a partnership. The Court of Appeals held the verdict was not sustained by the evidence and set aside the judgment.

The question presented by the motion to certify is whether the facts proven were sufficient in law to sustain the claim of the bank that there was a partnership.

Attorneys—Mackenzie, Weadock & McKenzie, Lima, for Stemen; J. S. Brumback, Toledo, for the Bank.

## No. 508

### GUSTAVE KLOTZ v. VISTOR PLUMBING CO.

### No. 18481. In Ohio Supreme Court

Pending on motion to order Clark Appeals to certify its record; mo. to cer. ov. 2 Abs. 454.

27. ACTIONS—Agreement to arbitrate as a condition precedent to a suit. ___

The plumbing company brought its action in Cark Common Pleas to recover $2,447 for the installation of a sewage ejector system in a theater building in Springfield. Trial resulted in a verdict for defendant for the sum claimed, and the Court of Appeals affirmed the judgment.

The facts are that the parties entered into a written agreement commonly called the "Uniform Agreement" by which the company agreed to install the plumbing in the building according to plans and specifications for $32,389. Subsequent to signing the contract it was discovered that the proposed outlet for the sewage was some 18 inches higher than the floor in the theater boiler room. The architect of the building ordered the installation of a sewage ejector which was done by the company.

The principal contention of Kolz is that this work was covered by the original agreement, as an alteration under its term, and an action therefor could not be maintained without an arbitration as provided in the agreement. The company claimed it was a separate and distinct undertaking not governed by the original agreement.

Attorneys—John M. Cole and Charles D. Hodge, for Klotz; Zimmerman, Z. & Z., for the Plumbing Co.

### No. 508½

### GASKINS, Admr. v. HAMILTON CO. (Comrs.) et al

### No. 18477. In Ohio Supreme Court

Pending on motion to require Hamilton Appeals to certify record. Docketed March 28, 1924. 2 Abs. 1924; 2 Abs. 244; mo. to cer. ov., 2 Abs. 453.

321. COUNTIES—Liability of as to keeping in repair streets of a municipality within it.

The petition alleges that Cyrus Gaskins was killed when an automobile he was driving struck a rut or washout along the side of the road, in that county. The Commissioners filed an answer, a general denial, and setting up contributory negligence. The plaintiq then filed an amended petition, adding Milford village as a defendant, the part of the road where the accident occurred being in that village. Upon trial the court instructed verdicts for both defendants.

The defense claims that there is no duty enjoined in the law upon the County Commissioners to keep a street or public highway within a municipality in repair, this duty being specifically enjoined upon the council by 3714 GC. This was sustained by the Hamilton Appeals. The motion to certify was overruled by the Supreme Court.

Attorneys—John W. Cowell and A. H. Hodges, for Gaskins; Chas. S. Bell and Chester Durr, Contra; all of Cincinnati.